IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RAY CHARLES HINES                                                                  PLAINTIFF

      v.                        Civil No. 4:10-cv-04188

NURSE WILLIAMS, ET AL.                                      DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Ray Charles Hines filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His complaint was filed *in forma pauperis* (IFP). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation

On October 17, 2011, I entered an order (ECF No. 28) granting the Defendants' motion to compel. Plaintiff was directed to provide the Defendants with discovery responses by November 17, 2011. Defendants filed a motion to dismiss (ECF No. 29) on November 22, 2011. In the motion, Defendants state they have not received the discovery responses from the Plaintiff. Plaintiff has not responded to the motion to dismiss.

By order (ECF No. 30) entered on January 18, 2012, Plaintiff was directed to complete, sign, and return an attached questionnaire that would be filed as his response to the two pending summary judgment motions. Plaintiff was to file his response by February 11, 2012. To date, Plaintiff has not responded or filed a motion for an extension of time to do so. No mail has been returned as undeliverable. Plaintiff has not communicated with the Court in anyway.

I therefore recommend that the Defendants' motion to dismiss (ECF No. 29) be granted. This case should be dismissed based on Plaintiff's failure to comply with the order of the Court and his failure to prosecute this action. *See* Fed. R. Civ. P. 41(b).

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of February 2012.

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE